UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTHA CRAFT
        Plaintiff,                 CASE NO.: 2:07-CV-11631

vs.                                 DISTRICT JUDGE PAUL D. BORMAN
                                       MAGISTRATE JUDGE STEVEN D. PEPE

ALLSTATE INSURANCE
CO.,

        Defendant.
_____/

**ORDER REGARDING MOTION TO CONDUCT INDEPENDENT MEDICAL EXAMINATION AND MOTION TO DETERMINE EXPERT FEES (DKTS. # 30 & 32)**

Plaintiff suffered closed head injuries in an August 13, 1994, auto accident. On March 12, 2007, Plaintiff filed suit, in Wayne County Circuit Court, seeking payment for first party no-fault benefits (Dkt. # 1). Citing diversity jurisdiction, Defendant sought and obtained transfer of this suit to federal court on April 11, 2007. *Id.*

On April 18, 2008, Defendant filed a Motion to Compel Medical Evaluation Pursuant to M.C.L.A. § 500.3151 and FRCP 35 (Dkt. # 30). Plaintiff responded to this motion on May 2, 2008, and Defendant responded to this reply on May 9, 2008 (Dkts. # 36 & 37).

On April 28, 2008, Defendant filed a Motion to Determine an Expert Fee Pursuant to FRCP 26(b)(4)(c) (Dkt. # 32). Plaintiff responded to this motion on May 12, 2008, and Defendant replied to this response on May 19, 2008 (Dkts. # 38 & 39). Both motions were referred to the undersigned for hearing and determination (Dkts.# 31 & 34). A telephonic hearing was held on these motions on May 29, 2008.

Defendant seeks a court order compelling examination by a neuropsychologist to

examine the link between the August 13, 1994, accident and Plaintiff's subsequent limitations (Dkt. # 30). Defendant arranged for Plaintiff to be examined by Dr. W. John Baker, a neuropsychologist, on October 9, 2007. *Id*. at ¶ 4.

Plaintiff's counsel responded that Plaintiff was (a) unavailable at that time and (b) would not appears as Dr. Baker is not a physician per the definition of physician[1] provided by M.C.L.A. § 33.17001(1)(d). *Id*. at ¶ 5. Three times, Defendant has re-noticed the medical examination with Dr. Baker, and Plaintiff each time has objected and refused to attend these examinations.[2] *Id*. at ¶¶ 6, 11, & 16. Plaintiff does not contest Defendant's right to require that Plaintiff submit to a medical examination per M.C.L.A. § 500.3151,[3] and has attended all of Defendant's requested physician examinations (Dkt. # 36).

Despite Plaintiff's objections to Defendant's request that Plaintiff submit to a neuropsychological examination, Plaintiff has undergone examination by a neuropsychologist who is likely to serve as an expert on her behalf.

Michigan's No Fault statues states in part that "when the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, the person shall submit to mental or physical examination by physicians." M.C.L.A. § 500.3151. M.C.L.A. § 333.17001(1)(d) defines a physician as "an

---

[1] M.C.L.A. § 333.17001(1)(d) defines a physician as "an individual licensed under this article to engage in the practice of medicine."

[2] Plaintiff did not attended IME examinations with Dr. Baker on February 4, March 19, and April 16, 2008.

[3] M.C.L.A. § 500.3151 provides: "When the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, the person shall submit to mental or physical examination by physicians. A personal protection insurer may include reasonable provisions in a personal protection insurance policy for mental and physical examination of persons claiming personal protection insurance benefits."

individual licensed under this article to engage in the practice of medicine." While it is unclear whether "physician" as used in the statues include a licensed Ph.D. psychologist, *Roberts v. Farmers Ins. Exchange*, 275 Mich. App. 58 (Mich. App. 2007), read the statute to require a claimant to submit to a neuropsychologist who in that case was a Ph.D. but not a medical doctor. Plaintiff also has a neuropsychologist who has examined Plaintiff and will provide testimony in this case. It seems unfair to narrowly read M.C.L.A. § 500.3151 to preclude Defendant from having a neuropsychologist of its choosing examine Plaintiff when Plaintiff has such a neuropsychologist testifying on her behalf. The *Roberts* court suggests this is a permissible reading of M.C.L.A. § 500.3151.

Regarding the deposition fee, Defendant seeks to depose Ms. Renee LaPorte, but prior to her agreeing to such an deposition she stated that her fee for being deposed was a flat rate of $800 (Dkt. # 32, p. 3). Defendant offered to pay her $100/hour for her time spent in deposition which is her hourly rate for work as a case manager.[4] *Id.* Defendant contends that even though the deposition would only last one hour, Ms. LaPorte was unwilling to negotiate her $800 fee. Defendant's assert that Plaintiff's "reasonable" fee is the hourly rate she charges for her work as a case manager – a rate that they did not know about when they previously paid her $800/deposition (Dkt. # 39, p. 5).

Federal Rule of Civil Procedure 26(b)(4)(C) provides that:

> Unless manifest injustice would result, the court must require that the party seeking discovery: (I) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and (ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

---

[4] In subsequent filings, the parties acknowledge that Ms. LaPorte's hourly rate is presently $110/hour (Dkt. # 38).

Fed. R. Civ. P. 26(b)(4)(C). *Stokes v. Xerox Corp.*, 2007 WL 2080290, E.D. Mich. July 19, 2007, and *Barrett v. Nextel Communications Inc.*, 2006 WL 374757 E.D. Mich. February 16, 2006, hold that in this district an expert's regular hourly rate for professional services is presumptively a reasonable hourly rate for deposition. It is believed, however, that many experts charge more for the inconvenience in rearranging schedules and the added intensity involved in giving testimony in court or at a deposition.

Accordingly, for this and other reasons stated on the record, **IT IS ORDERED** that:

1.) Plaintiff shall submit to a medical examination with a neuropsychologist of Defendant's choosing. NOTICE: Failure to cooperate in this neuropsychological exam may result in dismissal of Plaintiff's claims.

2.) The expert fee for the conduct of Ms. LaPorte's deposition will be $200/hour. After the first hour, each subsequent hour will be billed in quarterly increments. Ms. LaPorte will receive $110/hour for reasonable preparation time as well as time spent traveling to and from the deposition.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated: May 29, 2008                                    s/ Steven D. Pepe
                                                                        United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on 5/29/08.

                                        s/Jermaine Creary
                                        Deputy Clerk